IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 1:05-1220 |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Cedric O'Neal Butler ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant Cedric O'Neal Butler was indicted on November 16, 2005. ECF No. 1. On August 2, 2006, the United States of America (the "Government") filed a second superseding indictment. ECF No. 86. On January 12, 2007, Defendant pleaded guilty pursuant to a written plea agreement to count one of the second superseding indictment, conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. ECF Nos. 180 & 181. Due to a prior felony drug conviction in South Carolina for possession with intent to distribute marijuana within close proximity of a school[1], Defendant was subject to a mandatory minimum sentence of 240 months of imprisonment. On November 8, 2007, the court imposed the mandatory minimum sentence. ECF No. 228. Judgment was entered on November 16, 2007. ECF No. 230. On November 20, 2007, Defendant filed an appeal contesting a two-level sentencing enhancement he received for possession of a dangerous weapon during the offense. ECF No. 234. On February 13, 2009, the Fourth Circuit denied the appeal. *United States v. Butler*, 311 F. App'x 610 (4th Cir. 2009) (unpublished). The Fourth Circuit filed the mandate on March 9, 2009. ECF No. 258.

---

[1] According to the Government's information filed pursuant to 21 U.S.C. § 851, on June 26, 1998, Defendant was sentenced to a five-year term of imprisonment, suspended to ninety days. ECF No. 32.

In the within action, Defendant seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant filed the within § 2255 motion on September 26, 2011. ECF No. 277. Defendant asserts the following grounds for relief: 1) defective indictment; 2) the prior conviction noticed in the Government's information pursuant to 21 U.S.C. § 851, did not, under *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc), warrant increased punishment; 3) ineffective assistance of counsel; and 4) the court improperly accepted Defendant's guilty plea. ECF No. 277. On October 12, 2011, the Government filed a motion to dismiss. ECF No. 280. On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Defendant of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. ECF No. 282. Defendant filed a reply to the Government's motion on November 2, 2011. ECF No. 284.

## **DISCUSSION**

The Government asserts that Defendant's § 2255 motion should be dismissed as time-barred. The court agrees.

A Defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

When an appeal has been filed, judgment of conviction becomes final when the ninety-day time period for filing a petition of certiorari seeking review of the appellate court judgment expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005). The ninety-day period to petition for review begins when the court of appeals issues its mandate in a case. *See United States v. Torres*, 211 F.3d 836, 837 (4th Cir. 2000). The court of appeals filed its mandate on March 9, 2009, making June 7, 2009, the deadline to file a petition for certiorari. Because Defendant did not file a petition for certiorari, the judgment became final on June 7, 2009. As such, the deadline to file a § 2255 motion was June 7, 2010, one year later. Therefore, Defendant's September 26, 2011 motion was untimely.

Furthermore, there is no evidence that Defendant was prevented from filing a § 2255 motion because of any governmental interference, and Defendant does not assert relief under a newly recognized right made retroactively applicable to cases on collateral review. Defendant cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) as a basis for relief. *Simmons* applied the Supreme Court's decision in *Carachuri–Rosendo v. Holder*, 130 S. Ct. 2577 (2010), to hold that the analysis of whether a prior conviction qualifies as a felony must focus on whether the defendant before the court could have received a sentence exceeding twelve months given his aggravating circumstances and criminal past, and not whether a hypothetical defendant could have. However, the Fourth Circuit recently held that the Supreme Court's decision in *Carachuri–Rosendo*, and its decision in *Simmons* are not retroactive to cases on collateral review.[2] *United States v. Powell*, 691 F.3d 554 (4th Cir.

---

[2] In any case, Defendant's reliance on *Simmons* is misplaced, as Defendant not only could have been, but was sentenced to a term of imprisonment exceeding twelve months for his drug conviction in South Carolina, even though he only served ninety days of his sentence.

3

2012). Finally, Defendant does not assert that his § 2255 motion relies on newly discovered evidence.

Accordingly, Defendant's § 2255 motion is time-barred.

## CONCLUSION

For those reasons, Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. The Government's motion to dismiss is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Defendant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
April 19, 2013

4